**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED

2006 AUG 10 A 10: 54

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**LAKITA JORDAN,
PLAINTIFF,**

2:06cv712 - MEF

**VS.**

**HOME DEPOT U.S.A., INC.,
DEFENDANT.**                     **JURY TRIAL DEMANDED**

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981.  The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by § 1981.

### II.    PARTIES

2.    Plaintiff, Lakita Jordan, (hereinafter "Plaintiff"), is a resident of Montgomery, Montgomery County, Alabama and performed work for the Defendant in the counties composing the Middle District of Alabama.

1

3.    Defendant, Home Depot U.S.A., Inc., (hereinafter "Defendant"), is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Georgia. Defendant may be served with process by serving its registered agent, The Corporation Company, at 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.

## III.    STATEMENT OF FACTS

4.    Plaintiff commenced her employment as a cashier with Defendant in March, 2003 and worked until her termination on December 30, 2003.

5.    As a cashier, Plaintiff operated a cash register that accepted credit card and cash transactions.

6.    As part of her cashier duties, Plaintiff filled out paper work called "strips." Cash registers accumulate a balance of cash money, normally $300 to $500. The cashier records the amount of this balance on the "strip." When this balance accumulates, Defendant's company policy requires the head cashier on duty to count and verify the balance on the "strip," sign off on the balance, and then take the cash money from the cashier. This procedure between the cashier and head cashier occurs approximately three to four times per shift.

7.    On December 26, 2003, Plaintiff worked her shift as a cashier for Defendant from 6:30 a.m. to 3:30 p.m.

2

8.    On December 27, 2003, Defendant's loss prevention manager, Keith Long, stated that Defendant's associate in charge of the store vault informed him that Plaintiff's cash register was missing $1,660.10.

9.    Long reviewed a video tape of Plaintiff's work from December 26, 2003.

10.    Without any probable cause or supporting video evidence, Long concluded that Plaintiff placed cash in an envelope and gave the money to a customer.

11.    Following this alleged exchange between Plaintiff and the customer, Defendant's head cashier signed off on Plaintiff's "strip." Despite Long's conclusions, Plaintiff stated, and the tape verifies, that the customer only received her change from the transaction.

12.    Defendant terminated Plaintiff's employment on December 30, 2003. Defendant then instituted a criminal charge against Plaintiff.

13.    Defendant's employees, including, but not limited to Keith Long, maliciously pursued this criminal prosecution despite a lack of probable cause.

14.    On February 1, 2005, a criminal trial was held before the Honorable Johnny Hardwick of the Fifteenth Judicial Circuit in and for Montgomery County.

A trial was conducted on the merits and a jury returned a verdict of not guilty in favor of the Plaintiff.

15.     As a result of Defendant's actions, Plaintiff has suffered financially, physically, and emotionally.

## IV.     COUNT ONE – Malicious Prosecution

16.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 15 above as if fully set forth herein.

17.     Defendant maliciously prosecuted a criminal action against Plaintiff for theft of property in the second degree that lacked any basis in fact.

18.     Defendant pursued this criminal charge without probable cause and continued to pursue the criminal prosecution with malice and ill intent.

19.     After the conclusion of a jury trial, Plaintiff received a verdict of not guilty in her favor.

20.     As a result of Defendant's malicious actions, Plaintiff has been made to suffer financially, emotionally, and physically.

## V.     COUNT TWO – Race Discrimination

21.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 20 above as if fully set forth herein.

22.    Plaintiff, who is African American, was treated differently by Defendant than white, similarly situated cashiers.

23.    Shortly before Plaintiff's termination on December 30, 2003, Defendant accused Plaintiff, and five other cashiers of missing funds.  While Plaintiff was brought back to work after the investigation because she was falsely accused, Defendant falsely accused her in the incident leading to her termination on December 30, 2003 for a second time.

24.    Plaintiff did absolutely nothing wrong, as determined by a jury in regards to the criminal charges, yet she was terminated from her employment, while white cashiers were not falsely accused for the performance of their duties as cashier and subsequently terminated.

25.    Upon information and belief Plaintiff was replaced by a white.

26.    Plaintiff was singled out and treated differently because of her race, black, in violation of 42 U.S.C. §1981 in the terms of her employment, including discipline, up to and including her termination of employment.

27.    As a result of Defendant's malicious actions, Plaintiff has been made to suffer financially, emotionally, and physically.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will assume jurisdiction of this action and after trial will make Plaintiff whole by awarding her actual, compensatory, and mental anguish damages, punitive damages, and attorneys' fees and costs of litigation where allowable.

Respectfully submitted,

David R. Arendall

Allen D. Arnold

OF COUNSEL:
**ARENDALL & ASSOCIATES**
2018 Morris Avenue, Suite 300
Birmingham, AL 35203
(205) 252-1550 – Office
(205) 252-1556 – Facsimile

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

Attorney for Plaintiff

SERVE DEFENDANT:
Home Depot U.S.A., Inc.
c/o The Corporation Company
Agent for Service of Process
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

6