IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAKITA JORDAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No: 06CV712-MEF |
| | * |
| HOME DEPOT U.S.A., INC., | * |
| | * |
| Defendant. | * |

**ANSWER TO THE PLAINTIFF'S COMPLAINT
BY THE DEFENDANT, HOME DEPOT U.S.A., INC.**

Comes now the Defendant, Home Depot U.S.A., Inc. and answers the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

In answer to the specific factual allegations of the Complaint, Home Depot states as follows:

**I.    JURISDICTION**

1.    Home Depot admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 and that Plaintiff purports to assert a claim pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), but expressly denies that it violated Plaintiff's rights under said statute or that Plaintiff is entitled to any relief under said statute. To the extent not admitted herein,

Home Deport denies the remaining allegations of paragraph 1 of the Complaint.

## II. PARTIES

2. Admitted.

3. Admitted.

## III. STATEMENT OF FACTS

4. Admitted.

5. Admitted.

6. It is admitted that the Plaintiff would fill out "strips" as part of her job. The remaining allegations of this paragraph are Denied.

7. Admitted

8. It is admitted that Mr. Keith Long was informed of a shortage from Plaintiff's cash register on December 27, 2003 from the day before, and provided documentation of same.

9. Admitted

10. Denied.

11. Denied.

12. The Plaintiff was terminated on or about December 30, 2003, and after meeting with a detective from the Montgomery Police Department sometime thereafter, a warrant was signed by Mr. Long.

13. Denied.

14. This Defendant admits that a criminal trial was held and that the Plaintiff was found not guilty of the criminal charge brought against her. The remaining allegations of this paragraph are Denied.

15. Denied.

### IV.    COUNT ONE - Malicious Prosecution

16. Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Denied.

### V.    COUNT TWO - Race Discrimination

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## VI. PRAYER FOR RELIEF

Denied.

### SECOND DEFENSE

Count One of the Complaint fails to state a claim against Home Depot upon which relief can be granted.

### THIRD DEFENSE

Count Two of the Complaint fails to state a claim against Home Depot upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claim for race discrimination is barred because Home Depot would have made the same decision regarding Plaintiff's employment in the absence of any unlawful motive.

### FIFTH DEFENSE

Home Depot denies that it treated any similarly-situated white employees differently from Plaintiff.

### SIXTH DEFENSE

Home Depot denies that it intentionally discriminated against Plaintiff based upon her race.

## SEVENTH DEFENSE

Plaintiff's Complaint or specific counts thereof are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Any recovery of damages by Plaintiff is barred because Home Depot would have made the same decision regarding Plaintiff's employment in the absence of any unlawful discriminatory motive.

## NINTH DEFENSE

Plaintiff's employment with Home Depot ended for reasons having nothing to do with her race.

## TENTH DEFENSE

Home Depot denies that Plaintiff is entitled to any of the relief sought under Count Two of the Complaint.

## ELEVENTH DEFENSE

The relief sought by Plaintiff is barred to the extent that Plaintiff failed to mitigate her damages.

## TWELFTH DEFENSE

Plaintiff is not entitled to a jury trial with respect to any issue or remedy deemed "equitable" by applicable law.

## THIRTEENTH DEFENSE

Defendant asserts that Plaintiff is acting with unclean hands.

## FOURTEENTH DEFENSE

Defendant asserts the affirmative defense of waiver and estoppel.

## FIFTEENTH DEFENSE

Defendant asserts that damages should not be awarded in this action because it has an active and good faith belief that their actions relating to Plaintiff's suit are/were lawful.

## SIXTEENTH DEFENSE

Defendant denies that the Plaintiff suffered the damages and/or the nature and extent of the damages as described in the Complaint.

## SEVENTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the constitutional safeguards provided to Defendant under the United States Constitution.

## EIGHTEENTH DEFENSE

There was probable cause for a warrant to be issued which a Grand Jury ratified by an indictment, and Defendant did not act with any malice.

## NINETEENTH DEFENSE

Defendant reserves the right to amend this answer until all discovery in this case has been completed.

WHEREFORE, Home Depot U.S.A., Inc., requests that the Court dismiss Plaintiff's Complaint and award it attorneys' fees and costs expended herein as allowed by law, and for such other and further relief as the Court deems just and proper.

                                              /s/ David L. Faulkner, Jr.
DAVID L. FAULKNER, JR.
DAVID B. WALSTON
J. KIRKMAN GARRETT
Attorneys for Home Depot, USA, Inc.

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 20th Street North - Suite 1800
Birmingham Al 35203-2696
(205) 795-6588
(205) 328-7234 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 5th day of September, 2006:

David R. Arendall
Allen D. Arendall
ARENDALL & ASSOCIATES
2018 Morris Avenue, Suite 300
Birmingham, AL 35203

                                              /s/
OF COUNSEL